CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

9/12/2018

JULIA C. DUDLEY, CLERK
BY:  S/J.Vasquez
     DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | |
|---|---|
| **VIRGINIA INDUSTRIAL PLASTICS, INC.,** )<br><br>    **Plaintiff,** )<br><br>**v.** )<br><br>**CABINET SAVER LLC** )<br><br>    **Defendant.** )<br><br>**Serve: Skyler Thomas**<br>**3212 Inlet Shore Ct.**<br>**Virginia Beach, VA 23451** ) | Civil Action No. 5:18CV119<br><br>**TRIAL BY JURY DEMANDED** |

### COMPLAINT

NOW COMES the plaintiff, Virginia Industrial Plastics, Inc. ("VIP" or "Plaintiff"), by counsel, and for its Complaint against Cabinet Saver LLC ("Defendant"), states as follows:

### PARTIES

1. VIP is a Virginia corporation with its principal place of business in Fishersville, Virginia.

2. Defendant is a Virginia limited liability company with its principal place of business in Virginia Beach, Virginia.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116, 1117, 1121(a), and 28 U.S.C. § 1331(a). This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

WOODS ROGERS PLC
ATTORNEYS AT LAW

4.      This Court has personal jurisdiction over Defendant because Defendant is a Virginia limited liability company that conducts and has conducted ongoing and continuous business in the Commonwealth of Virginia and the Western District of Virginia, and because Defendant is subject to jurisdiction under Virginia Code § 8.01-328.1.  By its physical presence in Virginia, Defendant has engaged in business dealings and has contracted with persons and entities in Virginia and this District.  Defendant has purposefully directed its business activities toward Virginia and this District.  Through its conduct, Defendant has purposefully availed itself of the privileges of conducting business in Virginia and this District.  While engaging in its conduct, it was reasonably foreseeable that Defendant would be subjected to this Court's jurisdiction.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendant is subject to personal jurisdiction in this District.  Venue in this Court is also appropriate because a substantial part of the events or omissions giving rise to VIP's claims against Defendant occurred in the cities or counties constituting the Harrisonburg Division.

## FACTUAL BACKGROUND

### *VIP's "CABINET SAVERS" Trademark*

6.      At all times since at least as early as June, 1, 2008, VIP has been in business in the United States manufacturing, selling, and/or marketing molded or laminated plastic film liners to protect household or industrial surfaces against leaks and spills and has at all times referred to and marketed said plastic film liners under the name "Cabinet Savers."

7.      VIP owns U.S. Trademark Registration No. 5,426,605 for use of the name "CABINET SAVERS," which was filed with the United States Patent and Trademark Office on July 14, 2017.  The USPTO issued a Registration Certificate to VIP on the Principal

WOODS ROGERS PLC
ATTORNEYS AT LAW

2

Register on March 20, 2018.  A copy of the registration certificate for VIP's CABINET

SAVERS trademark (the "VIP Mark") is attached hereto and incorporated herein by

reference as **Exhibit A**.  VIP's federal trademark registration gives VIP the exclusive right

to use the VIP Mark throughout the United States in connection with, *inter alia*, plastic film

liners.

8.     VIP advertises and markets its plastic film liners with the VIP Mark through,

among other channels, brochures, trade shows, and the internet, and directly to customers.

Since 2008, VIP has spent substantial sums in advertising and marketing its plastic film

liners with the VIP Mark in the United States.

9.     As illustrated below in two screenshots from VIP's Cabinet Savers website,[1]

the VIP Mark serves to identify and distinguish VIP's plastic film liners from those of others

and to indicate the source, origin, sponsorship and affiliation of VIP's Cabinet Savers.

Through its advertising, marketing, and sales, VIP has developed substantial goodwill in the

VIP Mark.

WOODS ROGERS PLC
ATTORNEYS AT LAW

---

[1] http://www.cabinetprotectors.com (last visited September 7, 2018).  Notably, VIP provides
a notice on the homepage of its website that "Cabinet Savers ® is a federally registered
trademark of Virginia Industrial Plastics, Inc.  All Rights Reserved."



*Cabinet Saver LLC's Infringement of VIP's "CABINET SAVERS" Trademark*

10.     In or around 2018, VIP learned that Defendant was operating under the name "Cabinet Saver LLC."  VIP further learned that Defendant was manufacturing an alternative to VIP's plastic film liners, and was advertising, marketing, and selling the competing liner under the name of "Cabinet Saver" (the "Infringing Mark").

11.     Indeed, Defendant's own website (https://cabinet-saver.com) effectively copies the VIP Mark.

12.     The VIP Mark and VIP's product and Defendant's Infringing Mark and product are shown below through screenshots of each party's respective websites.[2]

| VIP's Mark and the Cabinet Savers | Defendant's Infringing Mark and Competing Liner |
|---|---|
| |  |

WOODS ROGERS PLC
ATTORNEYS AT LAW

---

[2] The screenshots are taken from Plaintiff's website, http://www.cabinetprotectors.com (last visited September 7, 2018), and Defendant's website, https://cabinet-saver.com (last visited September 7, 2018).







13.    Defendant's description of its plastic liner—publicly available on its webpage—is virtually indistinguishable from VIP's description of its Cabinet Savers on VIP's webpage:

**VIP's Description of the Cabinet Savers:[3]**

**WHAT CAN CABINET SAVERS DO?**

Cabinet Savers is a cabinet liner designed to protect kitchen-sink cabinet and bathroom vanity baseboards from water damage, mold and chemical/cleaning product spill stains. Plus, with its unique channel design and the integrated drain cone it also provides water leak warnings to prevent major "gushers" and damage to the household. It safeguards the property owner's asset investment with a simple, low cost solution which provides a great Return on Investment.

**Defendant's Description of its plastic liner:[4]**

WOODS ROGERS PLC
ATTORNEYS AT LAW

---

[3] http://www.cabinetprotectors.com/home.html (last visited September 7, 2018).
[4] https://cabinet-saver.com/collections/frontpage/products/cabinet-saver (last visited September 7, 2018).

The Cabinet Saver™ is a watertight tray designed to protect your kitchen sink base cabinet, from plumbing and cleaning product leaks and spills.  Cabinet Saver™ is engineered with flow-forward technology which channels all water to the front of the tray for easy detection.  Cabinet Saver™ is flexible enough for easy installation but rigid enough to support all of your cleaning products.

14.    Upon information and belief, Defendant advertises and markets its plastic liner through its website (https://cabinet-saver.com).

15.    In addition, upon information and belief, Defendant features and promotes the Infringing Mark and plastic liner on product pages, displays and/or packaging.

16.    VIP has not licensed the VIP Mark to Defendant.  Nor has VIP consented to Defendant's use of the VIP Mark.

17.    Customers of VIP have confused and will continue to confuse Defendant's website as selling VIP products.

18.    On July 16, 2018, counsel for VIP notified representatives of Defendant of its infringement of the VIP Mark.  To date, Defendant has continued using the VIP Mark.

## COUNT I
## TRADEMARK INFRINGEMENT
(Against Defendant)
(15 U.S.C. § 1114)

19.    VIP realleges and incorporates by reference the allegations set forth in the foregoing paragraphs, inclusive, as if fully set forth herein.

20.    VIP owns U.S. Registration No. 5,426,605 for the VIP Mark which was issued on the Principal Register by the United States Patent and Trademark office on March 20, 2018, and VIP has used and continues to use the VIP Mark in connection with its specified goods in interstate commerce.

WOODS ROGERS PLC
ATTORNEYS AT LAW

6

21.    The VIP Mark is inherently distinctive and/or has acquired secondary meaning, and the VIP Mark has been and will continue to be known throughout the United States as identifying and distinguishing VIP's plastic film liners.

22.    Without authorization or the consent of VIP, Defendant operates under the name "Cabinet Saver LLC"—virtually identical to the VIP Mark—and uses that name to identify Defendant's products that are in direct competition with VIP. Defendant's use of the Infringing Mark was and is in commerce and in connection with the sale, offering for sale, distribution, or advertising of goods, all in a manner that is likely to cause confusion, or to cause mistake, or to deceive.

23.    Through Defendant's Infringing Mark, Defendant has offered and/or sold goods to consumers in a manner that is likely to cause confusion, and in a manner that has, in fact, caused confusion with the VIP Mark.

24.    Evidence of actual confusion is reflected in actual remarks by customers of VIP that they believed Defendant's website sells VIP products.

25.    By using the Infringing Mark for profit without VIP's authorization or consent, Defendant is depriving VIP of its exclusive right to control, and benefit from, the VIP Mark. If permitted to continue, Defendant's actions will nullify VIP's right to the exclusive right of the VIP Mark, free from infringement.

26.    Defendant's use of the VIP Mark constitutes trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C § 1114.

27.    By reason of and as a direct and proximate result of Defendant's trademark infringement, Defendant has caused damage to VIP's business, reputation and goodwill and/or has diverted business and sales from VIP to Defendant. VIP is entitled to recover

WOODS ROGERS PLC
ATTORNEYS AT LAW

Defendant's profits, damages suffered by VIP and the costs of the action, and/or statutory damages for the use of the mark in lieu of damages and profits.

28.     Defendant has continued using the Infringing Mark for profit despite VIP notifying Defendant of its infringing activity.  Accordingly, Defendant has knowingly, willfully, deliberately, and maliciously used the VIP Mark with the intent to cause confusion and mistake and to deceive.  VIP is therefore entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

29.     VIP has been, and continues to be, damaged by Defendant's activities and conduct, and unless Defendant's conduct is enjoined, VIP's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, VIP is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## COUNT II
## FALSE ASSOCIATION/FALSE ENDORSEMENT
(Against Defendant)
(15 U.S.C. § 1125(a))

30.     VIP realleges and reincorporates by reference the allegations set forth in the foregoing paragraphs, inclusive, as if fully set forth herein.

31.     Defendant's use of the Infringing Mark as its business entity name and on its product, webpage, and marketing materials, as set forth above, constitutes false association and/or false endorsement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     Defendant's use of the VIP Mark to identify its business name and to offer goods for sale through its webpage are likely to create customer confusion concerning VIP's

WOODS ROGERS PLC
ATTORNEYS AT LAW

endorsement of, sponsorship of, approval of, and/or affiliation with Defendant's business, webpage, and products.

33.     By reason of and as a direct and proximate result of Defendant's false association and false endorsement, Defendant has caused damage to VIP's business, reputation, and goodwill and/or has diverted business and sales from VIP to Defendant.  VIP is entitled to recover Defendant's profits, damages suffered by VIP and the costs of the action.

34.     Defendant's acts of false association and false endorsement have been committed knowingly, willfully, deliberately and maliciously with the intent to cause confusion and mistake and to deceive.  Accordingly, VIP is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

35.     By reason of and as a direct and proximate result of Defendant's unlawful acts and practices, including those set forth above, Defendant has caused, is causing, and unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to VIP, for which there is no adequate remedy at law, and for which VIP is entitled to injunctive relief.

**COUNT III**
**FALSE DESIGNATION OF SOURCE AND/OR ORIGIN**
(Against Defendant)
(15 U.S.C. § 1125(a))

36.     VIP repeats and reincorporates the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

37.     Defendant's actions, as set forth above, constitute false designation of source and/or origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

WOODS ROGERS PLC
ATTORNEYS AT LAW

9

38.     By appropriating VIP's Mark for use as a business entity selling products in direct competition with VIP, Defendant has attempted to confuse consumers into falsely believing that: (1) Defendant sells VIP products, (2) customers can purchase VIP products on Defendant's website, and (3) Defendant acts with or on behalf of VIP.

39.     Defendant's conduct is likely to create—and in fact has created—customer confusion and/or mistake, to deceive consumers as to the source and origin of any and all goods offered by Defendant on which Defendant uses the Infringing Mark to designate, advertise, and market its products.

40.     By reason of and as a direct and proximate result of Defendant's false designation of source and origin, Defendant has caused damage to VIP's business, reputation, and goodwill and/or has diverted business and sales from VIP to Defendant.  VIP is entitled to recover Defendant's profits, damages suffered by VIP and the costs of the action.

41.     Defendant's acts of false designation and source has been committed knowingly, willfully, deliberately and maliciously with the intent to cause confusion and mistake and to deceive.  Accordingly, VIP is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

42.     By reason of and as a direct and proximate result of Defendant's unlawful acts and practices, including those set forth above, Defendant has caused, is causing, and unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to VIP, for which there is no adequate remedy at law, and for which VIP is entitled to injunctive relief.

WOODS ROGERS PLC
ATTORNEYS AT LAW

**COUNT IV**
**UNFAIR COMPETITION**
(Against Defendant)
(Common Law)

43.      VIP repeats and reincorporates the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

44.      Defendant's actions, as alleged herein, constitute common law trademark infringement and unfair competition.

45.      VIP has no adequate remedy at law and is suffering irreparable harm.

46.      Defendant's conduct has caused damages to VIP's business, reputation, and goodwill in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Virginia Industrial Plastics, Inc. prays that this Court enter judgment in its favor against Defendant as follows:

A.      That this Court enter a temporary restraining order, preliminary injunction and permanent injunction restraining and enjoining Defendant, its officers, directors, employees, agents, successors, and assigns, and any and all persons in active concert or participation with any of them, from continuing to use to the Infringing Mark, the VIP Mark, or any other mark likely to cause confusion with the VIP Mark.

B.      That this Court enter an order requiring Defendant to account for and pay to VIP all profits derived from the sale, distribution or licensing of competing VIP products while using the Infringing Mark in violation of VIP's rights.

C.      That this Court enter an order requiring Defendant to issue a formal public retraction and engage in corrective advertising to rectify their improper use of the Infringing Mark.

WOODS ROGERS PLC
ATTORNEYS AT LAW

D.      That this Court enter an order requiring Defendant to immediately shut down its website, https://www.cabinet-saver.com or, in the alternative, to transfer ownership of said website to VIP.

E.      That this Court enter an order requiring Defendant to permanently cease from operating under the business name "Cabinet Saver LLC."

F.      That this Court award VIP damages against Defendant in an amount to be determined at trial.

G.      That, given the willful nature of Defendant's actions, this Court enter judgment pursuant to 15 U.S.C. § 1117 in an amount to include Defendant's profits derived from its violations of VIP's rights, and three times the damages sustained by VIP, or statutory damages for the use of the mark in lieu of damages and profits.

H.      That, given the willful nature of Defendant's actions, this Court award VIP punitive damages against Defendant in an amount to be determined at trial.

I.      That VIP be awarded pre-judgment and post-judgment interest on any damage award.

J.      That VIP be awarded its reasonable attorneys' fees, costs and expenses incurred in bringing this action pursuant to 15 U.S.C. § 1117(a), or as otherwise permitted by law.

K.      That Defendant be required to serve on VIP within thirty (30) days after the issuance of any injunction, a written report under oath setting forth in detail the manner and form in which Defendant has complied with this injunction.

L.      That VIP be awarded such further relief as the Court may deem appropriate.

JURY TRIAL IS DEMANDED ON ALL MATTERS AND ISSUES TRIABLE BY A
JURY

Dated: September 12, 2018

Respectfully Submitted,

/s/ Nathan A. Evans

Nathan A. Evans (VSB No. 46840)
Charles J. Dickenson (VSB No. 92889)
WOODS ROGERS PLC
123 East Main St.
Fifth Floor
Charlottesville, VA 22902
Phone: (434)-220-6829
Fax: (540)-983-7711
nevans@woodsrogers.com
cdickens@woodsrogers.com

*Counsel for Plaintiff Virginia Industrial
Plastics, Inc.*

WOODS ROGERS PLC
ATTORNEYS AT LAW