CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 11 2019
JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| VIRGINIA INDUSTRIAL, PLASTICS, INC., | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 5:18-cv-00119 |
| v. | ) ) |
| CABINET SAVER LLC, | ) ) |
| Defendant. | ) By: Michael F. Urbanski ) Chief U.S. District Judge |

## MEMORANDUM OPINION

This matter comes before the court on plaintiff Virginia Industrial Plastics, Inc.'s (VIP) motion for judgment on the pleadings, filed on March 14, 2019. ECF No. 25. Defendant Cabinet Saver LLC (Cabinet Saver) responded on March 28, 2019. ECF No. 27. VIP replied on April 5, 2019. ECF No. 28. For the following reasons, VIP's motion is **DENIED**.

I.

VIP filed its complaint against Cabinet Saver on September 12, 2018. ECF No. 1. This suit arises from the use of the name "Cabinet Savers," used by both parties to refer to plastic liners designed to protect kitchen sink cabinets and other surfaces from water damage. ECF No. 1, at 5; ECF No. 7, at 2. Both parties manufacture products of this description. ECF No. 1, at 5; ECF No. 7, at 2. VIP owns United States Trademark Registration No. 5,426,605 for the use of the "Cabinet Saver" mark (the Mark), filed with the United States Patent and Trademark Office (USPTO) on July 14, 2017. ECF No. 1, at 2;

ECF No. 7, at 1. In its complaint, VIP alleges trademark infringement, false association/false endorsement, false designation of source and/or origin, and unfair competition against Cabinet Saver. ECF No. 1.

In its Answer, Cabinet Saver asserted two counterclaims, at the base of which was an allegation that VIP committed fraud in the procurement of its trademark registration. ECF No. 7, at 4–5. VIP moved to dismiss these counterclaims on November 19, 2018. ECF No. 15. The court granted this motion on December 11, 2018. ECF No. 20. VIP now moves for judgment on the pleadings, arguing that Cabinet Saver's "entire basis for claiming [VIP] lacks legal rights to the Mark is based on the erroneous premise that VIP's rights to the Mark are invalid due to fraudulent conduct," and that the court's dismissal of this counterclaim eliminates any issue of material fact. ECF No. 26, at 3–4.

## II.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed." "A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss." Mendenhall v. Hanesbrands, Inc., 856 F. Supp. 2d 717, 723 (M.D.N.C. 2012) (citing Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002)).

> Therefore, a motion for judgment on the pleadings "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."

Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). See Booker v. Peterson Cos., 412 Fed. App'x. 615, 616 (4th Cir. 2011) ("In order to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

But, motions to dismiss and motions for judgment on the pleadings are not identical: "'[u]nlike on a Rule 12(b)(6) motion ... on a Rule 12(c) motion the [C]ourt may consider the Answer as well.'" Mendenhall, 856 F. Supp. 2d at 724 (brackets and ellipsis in original) (quoting Alexander v. City of Greensboro, No. 1:09-CV-293, 2011 WL 3360644, at *2 (M.D.N.C. Aug. 3, 2011)). "The 'factual allegations in the [A]nswer are taken as true to the extent they have not been denied or do not conflict with the [C]omplaint.'" Id. (brackets in original) (quoting Farmer v. Wilson Hous. Auth., 393 F. Supp. 2d 384, 386 (E.D.N.C. 2004)). Moreover, "[i]n 'determining a motion for judgment on the pleadings, the [C]ourt may consider documents incorporated by reference into the pleadings.'" Id. (second brackets in original) (quoting Farmer, 393 F. Supp. 2d at 386). However, "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." A.S. Abell Co. v. Baltimore Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964) (quoting Fed. R. Civ. P. 12(c)). The decision to exclude matters outside the pleadings is "discretionary with the court." Id.

3

Should the court consider matters outside the pleadings, the motion for judgment on the pleadings may be treated as a motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with ... [any] affidavits" filed by the parties. Celotex, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. Glynn, 710 F.3d at 213 (citing Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his

favor.'" McAirlaids, Inc. v. Kimberly-Clark Corp., No. 13-2044, 2014 WL 2871492, at *1 (4th Cir. June 25, 2014) (internal alteration omitted) (citing Tolan v. Cotton, 572 U.S. 650, 651 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." Anderson, 477 U.S. at 255. However, the non-moving party "must set forth specific facts that go beyond the 'mere existence of a scintilla of evidence,'" Glynn, 710 F.3d at 213 (quoting Anderson, 477 U.S. at 252), and show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635 (4th Cir. 2005) (quoting Anderson, 477 U.S. at 249). "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." Moss v. Parks Corp., 985 F.2d 736, 738 (4th Cir. 1993) (citing Perini Corp. v. Perini Const., Inc., 915 F.2d 121, 124 (4th Cir. 1990)).

### III.

A plaintiff bringing a claim of trademark infringement claim or false designation of original mark, like VIP, must show that: (1) it possesses a mark; (2) the opposing party used that mark; (3) the opposing party's use of the mark occurred in commerce; (4) the opposing party used the mark in connection with the sale, offering for sale, distribution, or advertisement of goods or services; and (5) the opposing party used the mark in a way likely to confuse consumers. Lamparello v. Falwell, 420 F.3d 309, 313 (4th Cir. 2005). VIP argues that Cabinet Saver has conceded that it uses the Mark in commerce and in connection with the sale of its cabinet liners. ECF No. 26, at 6. It also argues that its registered mark, the

5

trademark registration of which is attached to the Complaint, is presumed valid and has gone unchallenged by Cabinet Saver except through the allegation of fraud or inequitable conduct. Id. at 6–7. See ECF No. 1-2. Finally, VIP goes through the non-exclusive factors examined by courts in determining a likelihood of confusion and argues that each factor points without question to the conclusion that Cabinet Saver is using the mark in a way that causes consumer confusion. ECF No. 26, at 7–9. See Sara Lee Corp. v. Kayser-Rother Corp., 81 F.3d 455, 463–64 (4th Cir. 1996).

Cabinet Saver responds that VIP's motion is untimely, premature, and misconstrues Rule 12(c). ECF No. 27, at 2. Cabinet Saver expounds that, while its counterclaims have been dismissed, it has both denied VIP's substantive allegations and asserted a number of affirmative defenses in its Answer, both of which bar judgment at this stage of proceedings. Id. at 3–4. Finally, Cabinet Saver argues that VIP's registration of the mark gives rise only to a rebuttable presumption of its validity, and that VIP is attempting to circumvent its burden to show likelihood of confusion through this motion. Id. at 6.

Without conducting any inquiry into the likelihood of confusion by Cabinet Saver's use of the Mark, or any other element of VIP's trademark infringement claim, the court finds that this matter cannot be resolved purely upon the pleadings presently filed. VIP's assertion that discovery would do nothing to "refine the facts as they stand" fails to address the numerous factual allegations in the complaint that were denied by Cabinet Saver. ECF No. 25, at 1. In response to VIP's first claim of trademark infringement, Cabinet Saver has made many factual denials, including rejecting the assertions that its use of the Mark is likely to cause confusion, that this use has caused confusion, and that actual customers have

6

indicated confusion. ECF No. 7, at 3. The denial of these factual assertions bars the court from granting judgment to VIP purely upon the pleadings. See In re Mabbott, 255 B.R. 787, 789 ("Because the Court must give the nonmovant's assertions substantial deference, a defendant need only use the word 'deny' in good faith to avoid judgment on the pleadings on inadequate response grounds.").

Beyond this, Cabinet Saver has asserted a number of affirmative defenses. ECF No. 7, at 4. As VIP points out, the fifth such defense, that VIP's claims are barred because VIP obtained its Trademark Registration through fraud, has been dismissed by the court. ECF No. 20. Cabinet Saver asserts four other affirmative defenses, however: (1) that VIP has "unclean hands"; (2) that VIP's claims are barred by the doctrine of laches; (3) that VIP has acquiesced to Cabinet Saver's use of the Mark; and (4) that VIP is the junior user of the Mark and is attempting to hijack it from Cabinet Saver. ECF No. 7, at 4. VIP has not moved to strike these defenses. "[I]f the defendant raises an affirmative defense in his answer, it will usually bar judgment on the pleadings." Burns v. Consolidated Amusement Co., 182 F.R. D. 609, 612 (D. Haw. 1998).

While VIP points out that the court has dismissed Cabinet Saver's counterclaim and argues that this eliminates any defense to its alleged trademark infringement, the court's dismissal of the counterclaim was based purely upon Cabinet Saver's assertion that VIP "obtained a federal trademark registration fraudulently in that VIP's [sic] fraudulently alleged a date of first use of the Mark almost ten years prior to its actual first use of the Mark, and for the sole purpose of infringing on Cabinet Saver's trademark rights." ECF No. 7, at 5. As the court ruled then and reiterates now, an erroneous date of first use cannot be the grounds

for a fraud in the procurement claim. See, e.g., Pony Exp. Courier Corp. of Am. v. Pony Exp. Delivery Serv., 872 F.2d 317, 319 (9th Cir. 1989) ("The claim of a date of first use is not a material allegation as long as the first use in fact preceded the application date."); Lewis v. Microsoft Corp., 410 F. Supp. 2d 432, 437–38 (E.D.N.C. 2006), aff'd, 222 F. App'x 290 (4th Cir. 2007) (finding trademark infringement claims were barred by res judicata after the Trademark Board held that an incorrect date of first use was not material and did not constitute fraud); Georgia-Southern Oil Inc. v. Harvey Richardson, 16 U.S.P.Q.2d 1723 (T.T.A.B. July 19, 1990) ("Thus, the date of first use alleged by applicant in its application, even if false, cannot be said to constitute fraud on the office."). The court's dismissal of Cabinet Saver's counterclaim does weigh upon its fifth affirmative defense, that VIP's claims are barred because VIP "obtained its Trademark Registration through fraud," ECF No. 7, at 4, but does not eliminate Cabinet Saver's other affirmative defenses.

VIP asserts that Cabinet Saver has failed to provide its affirmative defenses with any factual support, and as such, the court may ignore them. ECF No. 28, at 1. See Cook v. Howard, 484 Fed. App'x. 805, 811 (4th Cir. 2012) ("Factual allegations that are simply 'labels and conclusions, and a formulaic recitation of the elements of a cause of action' are not sufficient." (internal citations omitted)). Cabinet Saver has, however, alleged that VIP knew of Cabinet Saver's use of the Mark and adopted it in an attempt to "hijack" the Mark and "cause confusion," and that Cabinet Saver "has been and continues to be harmed" by this conduct. ECF No. 7, at 4. These facts, while insufficient to support an assertion of fraud in the procurement, are sufficient to support another of Cabinet Saver's affirmative defenses— that of unclean hands. See Pediamed Pharmaceuticals, Inc. v. Breckenridge Pharmaceutical,

8

Inc., 419 F. Supp. 2d 715, 727 (D. Md. 2006) (describing the defense of unclean hands, stating that the doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant," and further requiring that a party invoking the doctrine of unclean hands show they were injured by the other party's conduct). With at least one of the Cabinet Saver's affirmative defenses minimally supported, the court cannot grant a motion for judgment on the pleadings.

## IV.

For the reasons explained above, the court **DENIES** VIP's motion for judgment on the pleadings. With no discovery currently before the court, the motion cannot be converted to a motion for summary judgment and considered under Rule 56.

An appropriate Order will be entered.

Entered: 04-11-2019

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge